IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**DONNA N. PARKS,**

    **Petitioner,**

v.                                                             Case No.: 1:22-cv-00584

**WARDEN, FPC ALDERSON,**[1]

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Petitioner, Donna Parks, filed a § 2241 petition for a writ of habeas corpus, seeking the application of her earned time credits under the First Step Act. (ECF No. 1). Pending before the Court is the Warden's motion to dismiss, contained in the Response to Order to Show Cause. (ECF No. 6). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 6), be **GRANTED**; Parks's petition for a writ of habeas corpus, (ECF No. 1), be **DENIED**; and this matter be **DISMISSED** and removed from the docket of the court.

---

[1] Petitioner named Warden, G. Ryle and Colette Peters, the Director of the Federal Bureau of Prisons, as Respondents in this action. The only proper Respondent to a habeas petition is the warden of the correctional facility at which the inmate is housed. Therefore, the Clerk is directed to substitute "Warden, FPC Alderson" as the Respondent in this civil action in place of Warden, G. Ryle and Collette Peters, BOP Director.

I. **Relevant History**

Parks filed the instant habeas petition on December 14, 2022, while she was an inmate housed at the Federal Prison Camp ("FPC") in Alderson, West Virginia. (ECF No. 1 at 1, 8). Parks alleged in her petition that her then-projected release date was September 17, 2024, but, had the Federal Bureau of Prisons ("BOP") timely applied her earned time credits under the First Step Act, she would have been transferred to prelease custody on August 15, 2022. (*Id*. at 6). Parks requested immediate transfer to home confinement and compensation in the amount of $215.00 per day for each day she had been wrongfully incarcerated. (*Id*. at 6, 7). She exhausted her administrative remedies with respect to the claims in her initial petition. (*Id*. at 6).

On December 30, 2022, the undersigned entered a Show Cause Order directing Respondent to show cause why Parks should not be granted the relief requested. (ECF No. 5). Respondent filed a Response on February 3, 2023, arguing that Parks's claim was not ripe, because her earned time credits were not equal to the time remaining on her sentence, that Parks had no protected liberty interest in home confinement and that the BOP has exclusive authority and discretion to designate an inmate's place of confinement. (ECF No. 6 at 8–10). Respondent also attached a declaration by a BOP paralegal explaining the status of Parks's earned time credits and her projected release date, alongside a public information inmate data sheet and a progress report on Parks's reentry plan. (ECF No. 6-1). Parks filed a reply, reiterating that the BOP had not timely applied her earned time credits. (ECF No. 8). Parks changed her request for relief, claiming she was entitled to be released directly to supervised release rather than transferred to a halfway house (also known as a Residential Reentry Center, or "RRC"). (*Id*. at 1–2). Parks also requested her three-year term of supervised release be reduced by one year to account

2

for her unapplied time credits. (ECF No. 8 at 2). Parks is currently located at a Residential Reentry Center in Atlanta, Georgia with a projected release date of September 18, 2023. *See* Federal Bureau of Prisons, Inmate Locator, www.bop.gov/inmateloc/.

## II.    Standard of Review

Respondent included a motion to dismiss within the Response to Show Cause Order. (ECF No. 6 at 1). Therefore, the motion will be construed as a motion for judgment on the pleadings. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *See Conner v. Cleveland Cnty., N. Carolina*, 22 F.4th 412, 416 (4th Cir. 2022); *see also Martin v. U.S. Parole Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md., May 9, 2018). When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations in the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, a court may consider "matters of public record" including documents from prior or pending court proceedings, id., and "documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."

3

*Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Blankenship*, 471 F.3d at 526 n.1).

## II. Discussion

### A. Claims In Initial Petition

Parks's petition requested the application of her FSA time credits, immediate release to home confinement, and monetary damages. (ECF No. 1 at 6, 7). Parks has since been transferred to prerelease custody at the Atlanta RRC, and her projected release date has been updated to September 18, 2023. *See* Federal Bureau of Prisons, Inmate Locator, www.bop.gov/inmateloc/. Based on her transfer to the RRC and the updated projected release date, the undersigned may reasonably infer that the BOP applied Parks's earned FSA time credits, rendering her request moot.

Article III allows federal courts to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). Consequently, "[t]o be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence."). Put simply, "[a] claim may be mooted 'when the claimant receives the relief he or she sought to obtain through the claim,' because the court no longer 'has [ ] effective relief to offer.'" *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)).

Because the BOP has apparently provided Parks with the primary relief she requested—the application of her FSA time credits and transfer to prerelease custody—the undersigned **FINDS** her claim is moot.

Parks also requested monetary damages, but monetary damages are not available in a habeas action. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy,"); *Barela v. Martin*, 830 Fed. Appx. 252, 255 (10th Cir. 2020) ("The remedy of habeas corpus ordinarily serves to require release from illegal confinement, attack future confinement, or shorten the existing confinement. [… compensatory and punitive damages] are remedies available in a civil rights suit but not in a habeas action."); *McKinney-Bey v. Hawk-Sawyer*, 69 Fed. Appx. 113, 113 (4th Cir. 2003) ("[A]n action for monetary damages is properly pursued by way of a civil rights action."). Therefore, the undersigned **FINDS** Parks's request for monetary damages is not cognizable in this action and must be dismissed.

### B. *Claims In Reply*

Between her initial petition and reply, Parks altered her requests for relief, asking that she be released from custody and placed on supervised release, rather than being sent to prerelease custody in a halfway house (ECF No. 8 at 1–2). Parks also requested that she be credited one year towards her term of supervised release, reflecting the one year she alleges she was wrongly held in custody before the application of her earned time credits. (ECF No. 8 at 2). The Court need not address these requests, as Parks only requested this relief in her reply memorandum and not in her initial petition. *See Yousefi v. INS*, 260 F. 3d 318, 326 (4th Cir. 2001) (finding that an argument raised for first time in a reply brief was waived); *United States v. Wagoner*, No. 4:20-CR-00018, 2022 WL

1117715, at *4 (W.D. Va., Apr. 14, 2022) ("Normally, this court would not consider requests for new relief raised for the first time in a reply brief."). These claims also appear to be unexhausted, as Parks offered no evidence that she had filed any administrative remedies. (*See* ECF No. 8); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.").

Further, the claims raised in Parks's reply are without merit. Decisions made by the BOP to transfer an inmate to prerelease custody or supervised release are entirely discretionary and not subject to judicial review. *See Mars v. Heisner*, No. CV2201933PHXSPLJZB, 2023 WL 4977335, at *5 (D. Ariz., June 26, 2023), *report and recommendation adopted*, No. CV2201933PHXSPLJZB, 2023 WL 4960411 (D. Ariz., Aug. 3, 2023) (explaining that, because the judicial review provisions of the Administrative Procedure Act do not apply to decisions made pursuant to 18 U.S.C. § 3624, courts may not review a BOP decision declining to apply earned time credits towards prerelease custody, unless the decision is contrary to established federal law, violates the Constitution, or exceeds the BOP's statutory authority). Therefore, this Court lacks the authority to order Parks be placed on supervised release before her statutory term of imprisonment is completed. Regarding the requested reduction in her term of supervised release, no authority suggests that Parks would be entitled the relief she seeks. *See United States v. Johnson,* 529 U.S. 53, 59–60 (2000) (holding that excess prison time cannot be used to offset or reduce a term of supervised release); *see also Dandridge v. United States,* No. 3:22-CV-647-HEH, 2023 WL 4137470, at *2 (E.D. Va., June 22, 2023) (denying petitioner's request to apply extra First Step Act credits to reduce petitioner's term of supervised release); *Harrison v. Fed. Bureau of Prisons*, No. CV 22-14312, 2022

WL 17093441, at *1 (S.D. Fla., Nov. 21, 2022) ("[First Step Act] credits cannot be used to shorten a term of supervised release. Rather, the credits can only be used to allow early transfer to supervised release."); *Maxey v. Warden, FCI Petersburg*, No. 1:09CV443LMB/TCB, 2010 WL 1703731, at *2 (E.D. Va., Apr. 26, 2010) ("Even if [the petitioner's] claim were meritorious and he actually served more time in custody than he should have due to BOP miscalculations, excess prison time cannot offset and reduce a term of supervised release."). The undersigned **FINDS** that the claims raised by Parks in her reply are unexhausted and meritless; therefore, they should be summarily dismissed.

### IV.  Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 6), be **GRANTED**; Parks's petition for writ of habeas corpus, (ECF No. 1), be **DENIED**; and this matter be **DISMISSED** and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: August 25, 2023

Cheryl A. Eifert
United States Magistrate Judge